BART DEWALD,

        Petitioner,

      v.                                    CAUSE NO. 3:19-CV-513-DRL-MGG

WARDEN,

        Respondent.

## OPINION AND ORDER

Bart Dewald, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (ISP 18-7-72) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of battery in violation of Indiana Department of Correction Offense 212. Following a disciplinary hearing, he was sanctioned with a loss of ninety days earned credit time.

In the instant motion, the Warden seeks dismissal of this case, stating that Mr. Dewald did not complete the administrative appeal process for the claims in the habeas petition. Mr. Dewald did not file a response, and the time for doing so has now expired. Because the record indicates that Mr. Dewald did not appeal the disciplinary decision at the departmental level, the court finds that the claims raised in the petition are procedurally defaulted. *See Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002) ("Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies."). Mr. Dewald is not entitled to habeas relief, and the petition must be denied.

If Mr. Dewald wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) GRANTS the motion to dismiss (ECF 5);

(2) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES Bart Dewald leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

January 8, 2020

<u>s/ Damon R. Leichty</u>
Judge, United States District Court